IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAISER LTD., LLC, a New Mexico limited
liability company,

        Plaintiff,

v.                                                  CV 15-139 WPL/SMV

GARY HOWE, SANCAP, LTD., an
Ohio limited liability company, and
WYNDCHASE APARTMENTS, LTD. LLC,
a New Mexico limited liability company,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before me on Kaiser Ltd., LLC's ("Kaiser") Motion to Remand and for Attorneys' Fees. (Doc. 5.) Defendants responded (Doc. 13), and Kaiser filed a reply (Doc. 14). Upon consideration of the briefing, the record, and the relevant law, I remand this case to the Third Judicial District Court of the State of New Mexico for the reasons set forth below. I do not award attorneys' fees and costs because the parties have failed to brief this issue.

**FACTUAL AND PROCEDURAL BACKGROUND**

Kaiser filed this case in state court on January 15, 2015, asserting breach of contract, breach of fiduciary duties, and civil conspiracy and requesting a declaratory judgment, an accounting, the appointment of a receiver, and a preliminary injunction. (Doc. 1 Ex. 1.) Kaiser is a New Mexico limited liability company. Defendants include Gary Howe, Sancap Ltd. ("Sancap"), and Wyndchase Apartments, Ltd., LLC ("Wyndchase"). All Defendants are represented by the same attorney. Howe is a citizen of the state of Florida and the managing

member of Sancap. Sancap is an Ohio limited liability company, and Wyndchase is a New Mexico limited liability company.

On or about February 24, 2012, Sancap and an individual named Harlo Dynek formed Wyndchase and signed an operating agreement for the purpose of owning apartments to be constructed on land in Las Cruces, New Mexico. Sancap and Dynek were the original members of Wyndchase, but Kaiser, one of Dynek's companies, acquired all of Dynek's membership interest in Wyndchase on April 12, 2013. Both Howe and Dynek originally had signature authority over Wyndchase's operating account at Wells Fargo Bank. However, on or about May 2014, Howe changed the agreement between Wyndchase and Wells Fargo such that Dynek no longer had signature authority over the account. Howe began managing the operations of the apartments when they were completed in summer 2014.

Kaiser alleges that Howe opened a tax account with Wells Fargo and deposited a significant amount of Wyndchase's funds into that account. Kaiser asserts that Howe has refused to provide an accounting of the funds in the tax account. Kaiser also contends that Howe has failed to pay debts owed to Washington Federal and Summit Building and Development in connection with the purchase of the land and construction of the apartments. Kaiser alleges that it has been paying the debts to keep Wyndchase from defaulting on the loans. At the same time, Wyndchase, through Howe, continues to make distributions to its members. Kaiser's claims include breach of contract by Howe and Sancap, breach of the covenant of good faith and fair dealing by Howe and Sancap, breach of fiduciary duties by Howe, and civil conspiracy by Howe and Sancap. Kaiser also asks the Court for a declaratory judgment as to Wyndchase's capital accounts such that Kaiser is recognized as having an increased capital interest in Wyndchase due to its payment of certain Wyndchase debts; a full accounting of Wyndchase's revenues and

assets, including the tax account; the appointment of a receiver for Wyndchase; and a preliminary injunction that would enjoin Sancap and Howe from taking any action on behalf of Wyndchase or interfering with the performance of the receiver's duties. On a broader level, this case is about who has control over Wyndchase.

On January 27, 2015, Kaiser applied to the state court for a temporary restraining order. (Doc. 1 Ex. 2 at 2-6.) The state court granted the application for a temporary restraining order on January 28, 2015, ordering Defendants not to disburse any Wyndchase funds for any purpose other than paying ordinary and necessary operating expenses or interest and specifically not to disburse any funds to Sancap, Howe, Howe's wife, or any of their relatives or entities owned or controlled by them. (Doc. 1 Ex. 4.) On February 9, 2015, the state court extended the temporary restraining order until 1:15 p.m. on February 19, 2015. (Doc. 1. Ex. 5.)

Defendants removed this case to federal court on February 19, 2015, on the basis of diversity jurisdiction. (Doc. 1.) Defendants asserted that Wyndchase is a mere nominal party that was fraudulently joined to defeat diversity jurisdiction. (*Id.* at 4.) They also stated that Plaintiff alleged direct claims against Howe and Sancap and that there are no derivative claims alleged on behalf of Wyndchase. (*Id.*) Kaiser then filed the present motion to remand on March 5, 2015. (Doc. 5.)

## LEGAL STANDARDS

Removal of civil actions based on diversity jurisdiction is governed by 28 U.S.C. §§ 1332, 1441, and 1446. Section 1441(a) provides that any civil action brought in state court, over which a federal district court has original jurisdiction, may be removed by the defendant or defendants to the relevant district court. Diversity jurisdiction under § 1332(a)(1) requires an amount in controversy in excess of $75,000 and complete diversity of citizenship between

plaintiffs and defendants. *See also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). Those parties that are considered in determining the existence of diversity jurisdiction are those that are "real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). Courts must disregard merely nominal parties. *Id.* at 461.

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the district court's] role as [a] limited tribunal[]." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Fraudulent joinder exists when a plaintiff joins a nondiverse party "fraudulently to defeat federal jurisdiction." *McDaniel v. Loya*, --- F.R.D. ---, 2015 WL 711062, at *8 (D.N.M. Jan. 29, 2015). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)) (alterations in original). When a defendant removes based on the second prong of fraudulent joinder, the court must determine "whether the defendant has demonstrated that there is no possibility that the plaintiff will recover against an in-state defendant." *McDaniel*, 2015 WL 711062, at *12. The court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x

911, 913 (10th Cir. 2006) (unpublished) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

## DISCUSSION

Kaiser makes two primary arguments for remand. First, Kaiser asserts—assuming that Wyndchase is a proper party—that the removal was procedurally improper because, while Howe consented to removal on behalf of Wyndchase, Dynek did not. Second, Kaiser contends that Wyndchase is a real and substantial party to the case and was not fraudulently joined.

Because I find that Wyndchase is a proper defendant and therefore no diversity jurisdiction exists, I do not discuss the parties' arguments regarding whether there was proper consent to removal. With respect to the second point, Kaiser argues that it has an affirmative claim against Wyndchase itself—not just claims against Howe and Sancap. Kaiser states that it seeks the appointment of a receiver for Wyndchase's property in order to protect the property for its members. Kaiser contends that, because Sancap and Howe will not consent to a receiver (*see* Doc. 3 at 6), Sancap and Howe have made Wyndchase a proper party. Kaiser asserts that Wyndchase must be named a defendant in order to "wrestle control of it from Howe and Howe's lawyer, at least for the duration of this litigation." (Doc. 5 at 8.) As support, Kaiser cites to *Trademark Retail, Inc. v. Apple Glen Investors, LP*, 196 F.R.D. 535, 541-42 (N.D. Ind. 2000), for the proposition that an LLC is an indispensable party where the two members of the LLC are in conflict and implicate the rights or duties of the LLC.

Defendants respond that there is no possibility that Kaiser will be able to establish liability against Wyndchase because Wyndchase is an unnecessary and not indispensable party with respect to the resolution of the case as to the other Defendants. Defendants cite to Federal

Rule of Civil Procedure 21,[1] regarding the misjoinder and nonjoinder of parties, for the notion that a federal court can dismiss non-diverse parties and proceed with the case where the non-diverse parties are not indispensable pursuant to Federal Rule of Civil Procedure 19. Defendants also cite to *R & R Capital, LLC v. Merritt*, No. CIV. A. 07-2869, 2007 WL 3102961, at *2 (E.D. Pa. Oct. 23, 2007) (unpublished), and *Meyer Natural Foods, LLC v. Freeman*, No. CIV-12-1329-D, 2013 WL 5460823, at *2 (W.D. Okla. Sept. 30, 2013) (unpublished), for the proposition that an LLC is not indispensable in a case where all members of the LLC are parties. Defendants contend that *Trademark Retail* is distinguishable from *Merritt* and the present case because the court in *Trademark Retail* found that the complaint included allegations against the defendants that would harm the LLC itself. (Doc. 13 at 8.) Defendants argue that, likewise, Kaiser's complaint does not allege harm against Wyndchase itself, and Wyndchase is "merely a marionette, with no preference as to who this Court determines is the rightful puppeteer." (*Id.* at 9.)

Finally, Defendants assert that Kaiser's argument that its request for the appointment of a receiver is grounds for Wyndchase to be a party is disingenuous because Kaiser did not know at the time of the filing of the complaint that Howe and Sancap would refuse to appoint a receiver. Defendants also argue that the receivership claim is disingenuous because Dynek and his wife had already "wrestle[d] control" of Wyndchase at the time they filed their motion to remand. (Doc. 13 at 5.)

Kaiser counters that Defendants applied the wrong standard in their response—that the question is not whether Wyndchase is a necessary or indispensable party, but rather whether

---

[1] "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.

Wyndchase is a proper party with respect to Kaiser's request for the appointment of a receiver. (Doc. 14 at 2.) That is, Kaiser argues, Defendants must show the absence of any possibility that Kaiser has stated a valid claim against Wyndchase. Kaiser cites to the New Mexico Receivership Act for the proposition that Kaiser is expressly allowed to name Wyndchase as a defendant. The Act states, "An applicant may apply to the district court for the appointment of a receiver by motion in an action already pending or by a separate petition or complaint." N.M. STAT. ANN. § 44-8-5(A). As such, Kaiser argues that if an application for appointment of a receiver can constitute its own separate complaint, then such an application can also be part of another lawsuit, with Wyndchase required as a defendant. Kaiser also contends that Defendants' reference to *Merritt* is misplaced because it is not a removal case; rather, *Merritt* concerns the ability of a federal court to drop a non-diverse defendant and retain jurisdiction where the defendant was named by mistake in a case filed in federal court. (Doc. 14 at 6.) In particular, Kaiser notes that *Merritt* does not discuss fraudulent joinder.

Kaiser correctly noted that *Merritt* is not a removal case and does not deal with fraudulent joinder. *See* 2007 WL 3102961. Rather, that court addressed the issue of whether it could retain jurisdiction where the plaintiff included a non-diverse defendant but then filed an amended complaint dropping the non-diverse defendant. *Id.* at *4. The court found that, because the non-diverse LLC was not indispensable, the plaintiff could drop the LLC as a defendant and the court could retain diversity jurisdiction. *Id.* at *9. Likewise, *Meyer Natural Foods* involved a case in which the defendants sought dismissal of the case because plaintiff had purportedly failed to join as a defendant an LLC that was an indispensable party. 2013 WL 5460823, at *2. The court denied dismissal because the defendant failed to show that the LLC was an indispensable party. *Id.* at *3. Again, fraudulent joinder was not an issue in the case.

7

With respect to Defendants' argument against Kaiser's citation to *Trademark Retail*, I note that *Trademark Retail* is not a removal case addressing fraudulent joinder, either. *See* 196 F.R.D. 535. Instead, like in *Meyer Natural Foods*, the court addressed whether to dismiss the complaint because the plaintiff failed to join a necessary and indispensable, non-diverse LLC. *Id.* at 538. Unlike in *Meyer Natural Foods*, the court in *Trademark Retail* found that the non-diverse LLC was necessary and indispensable to the case and therefore dismissed the complaint. *Id.* at 539-40, 542-43. Because *Merritt*, *Meyer Natural Foods*, and *Trademark Retail* did not apply the fraudulent joinder test of whether there was no possibility that the plaintiff could recover against the in-state defendant, these cases are not dispositive as to whether Wyndchase was fraudulently joined.

Instead, I address Kaiser's argument that Wyndchase is a proper defendant because of Kaiser's application for the appointment of a receiver in its complaint. I find that Kaiser's argument is sound. The New Mexico Receivership Act makes it clear that an application for the appointment of a receiver can constitute a discrete cause of action in New Mexico state court. *See* N.M. STAT. ANN. § 44-8-5(A). While I have been unable to find support for Kaiser's assertion that the Act required Kaiser to name Wyndchase as a defendant because Wyndchase owns the property that would be placed in the receivership estate, the Act does not expressly preclude naming Wyndchase as a defendant in a claim for the appointment of a receiver. Furthermore, non-binding, yet persuasive, federal case law suggests that an LLC that a plaintiff seeks to put into receivership is a proper, not merely nominal, party for fraudulent joinder purposes.

In *Masters v. Harkleroad*, the Eleventh Circuit vacated an order by the district court appointing a receiver for non-diverse, defendant LLCs and remanded the case to state court for

8

lack of diversity jurisdiction. 303 F. App'x 859, 860-61 (11th Cir. 2008) (unpublished). The plaintiffs argued that the LLCs were mere nominal parties not affecting diversity jurisdiction. *Id.* at 860. However, the court stated that "we have found no authority, and [plaintiffs] cite none in their letter brief, holding that a LLC which a plaintiff seeks to put into receivership, dissolve, and enjoin from engaging in any business activity is merely a nominal party." *Id.* at 861. Similarly, in the District of Hawaii, courts have found no Ninth Circuit or other precedent "holding that a LLC which a plaintiff seeks to put into receivership, dissolve, and enjoin management of, is a nominal party." *Skaaning v. Sorensen*, CV. No. 09-00364 DAE-KSC, 2009 WL 3763056, at *7 (D. Haw. Nov. 10, 2009) (unpublished) (citation and quotation omitted). In *Skaaning*, the plaintiffs sought, among other claims, a receiver pending dissolution of non-diverse LLCs and permanent injunctive relief relating to the management of these LLCs. *Id.* at *1. The court dismissed the case for lack of subject-matter jurisdiction, despite the plaintiffs' arguments that the LLCs were only nominal parties, and all substantive claims were against other, diverse defendants. *Id.* at *4, *7. Another court in the District of Hawaii clarified that "the lack of substantive claims against [the non-diverse LLC defendant] does not . . . compel the conclusion that [this defendant] is a nominal defendant." *Gamrex Inc. v. Schultz*, CIV. No. 10-00380 JMS-KSC, 2010 WL 3943910 (D. Haw. Sept. 9, 2010), *report and recommendation adopted*, CIV. No. 10-00380 JMS-KSC, 2010 WL 3941344 (D. Haw. Sept. 28, 2010) (unpublished) (addressing claims for rescission, disgorgement, constructive trust, and injunctions and remanding case to state court).

Construing the factual and legal issues in favor of Kaiser, *Dutcher*, 733 F.3d at 988, Kaiser has demonstrated that it has a possibility of recovering against Wyndchase in state court in terms of the appointment of a receiver under the New Mexico Receivership Act, and as the

entity that owns the property subject to a potential receivership, Wyndchase is not a mere nominal party to this case. Who effectively controlled what parts or all of Wyndchase at the time the motion to remand was filed is a factual matter that I do not assess at this juncture. Nor do I find it relevant to the fraudulent joinder analysis that Kaiser did not know at the time of filing its complaint that Howe and Sancap would refuse to appoint a receiver; instead, I conclude that a cause of action against Wyndchase has existed from the date the complaint was filed through the present date. I therefore find that Wyndchase was not fraudulently joined and is a proper defendant in this case. As such, there is no diversity jurisdiction, and this Court lacks subject-matter jurisdiction. Accordingly, I grant Kaiser's motion and remand this case to the Third Judicial District Court of the State of New Mexico. As previously explained, I deny attorneys' fees and costs.

    IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.